

## NUMBER 13-26-00071-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JESSE GRAY
A/K/A JESSE ALLAN GRAY,                                          Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

## ON APPEAL FROM THE 85TH DISTRICT COURT
## OF BRAZOS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

In 2013, appellant Jesse Gray a/k/a Jesse Allan Gray pleaded guilty to driving while intoxicated, third or more offense, a third-degree felony. *See* TEX. PENAL CODE §§ 49.04, 49.09(b)2). He also pleaded guilty to an enhancement paragraph alleging he had previously been convicted of felony aggravated assault, thereby raising the

punishment range to that of a second-degree felony. *See id.* § 12.42(a). Appellant was convicted and sentenced to ten years' imprisonment, but the trial court suspended the sentence and imposed community supervision for ten years. *See* TEX. CODE CRIM PROC. art. 42A.053(a)(1). On March 29, 2016, the State filed a motion to revoke alleging appellant committed various violations of the terms of his community supervision. The State filed an amended motion to revoke on May 9, 2016. A capias warrant was issued, but appellant was not apprehended until June of 2025. At a November 6, 2025 hearing, appellant pleaded true to several of the allegations in the amended motion to revoke, and the trial court revoked his community supervision and imposed the originally-ordered ten-year prison sentence.

Appellant's court-appointed appellate counsel has filed a brief with this Court stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm as modified.[1]

## I. *ANDERS* BRIEF

Counsel states in her brief that she has diligently reviewed the entire record and that "no arguable ground for reversal exists." *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record

---

[1] This appeal was transferred from the Tenth Court of Appeals in Waco pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE § 73.001. We are required to follow the precedent of the transferor court to the extent it differs from our own. TEX. R. APP. P. 41.3.

references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that she has: (1) notified appellant that she has filed an *Anders* brief and motion to withdraw; (2) provided appellant with copies of these pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) "delivered to Appellant a copy of . . . the appellate record (or arranged for his access to the record through the clerk)." *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. Appellant has not filed a pro se response to the *Anders* brief.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found no arguable reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed

3

a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw.

Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgment to appellant, and to advise him of his right to file a petition for discretionary review, within five days of the date of this memorandum opinion.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.    MODIFICATION OF JUDGMENT

Counsel notes that the trial court's "Judgment Revoking Community Supervision" incorrectly states that the "Attorney for Defendant" was Lane D. Thibodeaux. In fact, according to the record, appellant was represented at the revocation hearing by C. Patrick Meese. We have the authority to modify a judgment to speak the truth when we are presented with the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the "Judgment Revoking Community Supervision" to state that the "Attorney for Defendant" was C. Patrick Meese.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

**V.    CONCLUSION**

The trial court's judgment is affirmed as modified. *See* TEX. R. APP. P. 42.3(b).

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
2nd day of July, 2026.